IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

MICHAEL ANTHONY EDWARDS,
    Petitioner,

v.                                                                        Civil No. 3:21cv490 (DJN)

BETH CABELL,
    Respondent.

**MEMORANDUM OPINION**

Michael Anthony Edwards ("Petitioner"), a Virginia prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," (ECF No. 7)), challenging his conviction for Second-Degree Murder in the Circuit Court for Chesterfield County ("Circuit Court"). Respondent has moved to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. (ECF Nos. 11, 13.) Despite being provided with notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner has failed to respond. As explained below, the Motion to Dismiss (ECF No. 11) will be GRANTED, and the § 2254 Petition (ECF No. 7) will be DENIED as untimely.[1]

**I. PROCEDURAL HISTORY**

On April 28, 2016, following a jury trial, the Circuit Court sentenced Petitioner to thirty years of incarceration for Second-Degree Murder. (ECF No. 13-1, at 1-3.). On December 19, 2017, the Court of Appeals of Virginia affirmed Petitioner's conviction. (ECF No. 13-3, at 1.) On June 28, 2018, the Supreme Court of Virginia refused Petitioner's petition for appeal. (ECF

---

[1]     The Court corrects the capitalization, spelling, and punctuation and omits emphasis and symbols in the quotations from the parties' submissions. The Court employs the pagination assigned by the CM/ECF docketing system.

No. 13-4, at 2.) On October 5, 2018, the Supreme Court of Virginia denied Petitioner's petition for rehearing. (*Id.* at 1.) Petitioner did not file a petition for a writ of certiorari in the Supreme Court of the United States. (ECF No. 7, at 3.)

On October 8, 2019, Petitioner filed a state habeas corpus petition in the Circuit Court. Petition, *Edwards v. Cabell*, No. CL19HC-3928, at 1 (Va. Cir. Ct. Oct. 8, 2019). On February 18, 2020, the Circuit Court dismissed said petition. (*Id.* at 4.) On March 11, 2021, the Supreme Court of Virginia refused Petitioner's petition for appeal.[2] (ECF No. 13-6, at 1.)

On July 20, 2021, Petitioner mailed his original 28 U.S.C. § 2254 petition to this Court.[3] (ECF 1-1, at 2.) In his § 2254 Petition, Petitioner contends that the following grounds entitle him to relief:

> Claim One: "Fourteenth Amendment of the U.S. Constitution [right] to Due Process of law. The Commonwealth presented wholly circumstantial evidence to establish proper venue. The record reflect[s] that the Commonwealth Attorney failed to establish that the death of the alleged victim occurred in Chesterfield County. In fact, there is no evidence whatsoever that the alleged victim is deceased. No body, no death certificate, no cause of death,

---

[2] During the pendency of his state habeas proceedings, Petitioner filed a document called "Nature of Case and Proceedings Below," and a motion for leave to add a supplemental brief in the Supreme Court of Virginia, on April 1, 2020, and June 25, 2020, respectively. (ECF No. 13-7, at 1.) On September 9, 2020, the Virginia Supreme Court denied these motions. (*Id.*) Because these documents were submitted after Petitioner filed his state habeas petition in the Circuit Court on October 8, 2019, and because they were both resolved before the Virginia Supreme Court denied Petitioner's Petition for Appeal on March 11, 2021, they have no bearing on the statute of limitations analysis and the Court need not consider them further.

[3] Petitioner does not specify when he placed his original § 2254 Petition in the prison mailing system; however, the mailroom at his place of incarceration stamped it "RECEIVED," on July 20, 2021. (ECF 1-1, at 2.) The Court deems the § 2254 Petition filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) ("We thus conclude that the Court of Appeals had jurisdiction over petitioner's appeal because the notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk."). Respondent points out that Petitioner may have attempted to mail something to the Court as early as June 28, 2021; however, that submission, whatever it may have been, was rejected for insufficient postage. (ECF No. 13-8, at 1-2.)

2

                nothing. The[se] reasons alone demonstrate lack of subject matter jurisdiction." (ECF No. 7, at 5.)

**Claim Two:** "Violation of Petitioner's Fifth Amendment right under the U.S. Constitutional rights to a fair trial. Petitioner asserts evidence taken from the record does not sufficiently prove guilt. In fact, Commonwealth witness David Walker demonstrated that there was some question as to the accuracy of cell phone records. Seeing that the Commonwealth's case tends to rely so heavily upon those cell phone records to establish that Petitioner was in the locality of the alleged victim's house during the period of time in question, the Petitioner asserts the incomplete, inaccurate cell records constitute violations to a fair trial." (*Id.* at 7.)

**Claim Three:** "Violation of Petitioner's Sixth Amendment [right] under [the] U.S. Constitution . . . to effective assistance of counsel. Where Petitioner's court-appointed attorney failed [to] provide effective assistance of counsel, though Petitioner's counsel is not required to explore every possible defense, yet he must be effective at advocating Petitioner's rights which he did not. Counsel failed to properly avail Petitioner's rights where Chesterfield County was not [a] proper jurisdiction." (*Id.* at 8.)

## II. ANALYSIS

### A. Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

  **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 **2.** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement of the Statute of Limitations

Petitioner's judgment became final on Thursday, January 3, 2019, when his time to petition for a writ of certiorari from the United States Supreme Court expired. *See* Sup. Ct. R. 13.1 (stating that a petition for a writ of certiorari must be filed within 90 days of the entry of judgment); *see also Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))).

### C. Statutory Tolling

The limitation period for Petitioner to file a § 2254 petition began to run the following day on Friday, January 4, 2019, and it ran unabated for 277 days, until Tuesday, October 8, 2019, when Petitioner filed his state habeas petition in the Circuit Court. The limitations period was tolled from Tuesday, October 8, 2019, until Thursday, March 11, 2021, when the Supreme Court of Virginia refused Petitioner's petition for appeal. The statute of limitations began to run again on Friday, March 12, 2021, and continued to run for an additional 130 days until Petitioner filed

4

his § 2254 Petition on Tuesday, July 20, 2021. Therefore, the statute of limitations ran for a total of 407 days.

Consequently, the one-year statute of limitations bars Petitioner's § 2254 Petition unless Petitioner can demonstrate entitlement to a belated commencement of the limitations period or that some equitable exception allows him to avoid the limitations period. Neither Petitioner nor the record suggests any plausible basis for a belated commencement of the limitations period under 28 U.S.C. § 2244(d)(1)(B)-(D), or an equitable exception to the limitations period. Thus, Petitioner has failed to advance any argument as to why the Court should deem his § 2254 Petition timely. Accordingly, Petitioner's § 2254 Petition is time-barred.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 11) will be GRANTED. Petitioner's § 2254 Petition (ECF No. 7) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[4]

An appropriate order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Petitioner and counsel of record.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: August 26, 2022

---

[4] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appeal ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Petitioner fails to meet this standard.